(C.D. 2390)

AUTO IMPORTS, INC. *v.* UNITED STATES

## United States Customs Court, Second Division

(Decided March 28, 1963)

*Stein & Shostak* (*S. Richard Shostak* and *Marjorie M. Shostak* of counsel) for the plaintiff.

*John W. Douglas*, Acting Assistant Attorney General (*James F. O'Hara*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: In this proceeding, protests 61/8923, 61/13423, 61/13563, and 61/16400 were consolidated for purposes of trial and determination. They relate to merchandise described on the invoices as "emblems," which the collector of customs classified as articles of iron or steel, not specially provided for, whether partly or wholly manufactured, in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty was assessed thereon at the rate of 19 per centum ad valorem.

Plaintiff claims that the commodity should be classified as parts of automobiles in paragraph 369(c) of said act (19 U.S.C. § 1001, par. 369(c)), as modified by the sixth protocol, *supra*, which are made dutiable at 10½ per centum ad valorem.

The pertinent text of the statutes involved reads as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

 * * * * * * *

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal * * *

 * * * * * * *

Not wholly or in chief value of tin or tin plate:
Carriages, drays, * * *

 * * * * * * *

Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum * * *_____ 19% ad val.

Paragraphs 369(b) and 369(c) of said act, as modified, *supra*:

All other automobiles, automobile chassis, and automobile bodies, all the foregoing, whether finished or unfinished_____ 8½% ad val.

Parts (except tires and inner tubes and except parts wholly or in chief value of glass), finished or unfinished, not specially provided for, for any of the articles described in item 369(a) or 369(b) in this Part_____ 10½% ad val.

The issue presented for our determination is primarily a question of law. Are the emblems in controversy parts of automobiles in a tariff sense?

At the trial, the only witness in the case, Richard E. Brodie, was called by the plaintiff. He testified that he was employed by Volvo Western Distributing Co. as its district parts manager for 13 Western States, including Alaska and Hawaii; that, prior to his employment by Volvo, he had performed the same services for Auto Imports, Inc., since December 1955. His duties as parts manager were to order parts and accessories for use on Volvo automobiles, imported from the Volvo factory in Gothenburg, Sweden, and to distribute such products to approximately 150 dealers throughout the Western States who deal exclusively in Volvo automobiles.

Brodie identified illustrative exhibits 1, 3, 4, and 6 through 11, as representing the various items of merchandise to which the protests relate. Exhibits 2 and 5 consist of catalogs in which certain of the exhibits are illustrated.

The substance of Brodie's testimony is that the various exhibits, with the exception of the catalogs, are mounted on Volvo automobiles in holes predrilled therein at the factory to serve not only to identify the type or model of the car, but as well for their ornamental quality; that said emblems are mounted on all Volvos as standard equipment when sold in this country; and that, in their imported condition, emblems have been attached by the foreign manufacturer. He stated that the emblems here under consideration were imported to be sold as replacement parts for such items as may have been lost, stolen, or otherwise removed from Volvo automobiles. He admitted that these emblems had nothing whatsoever to do with the operation or functioning of an automobile. For instance, illustrative exhibits 4 and 10 represent the letters "O" and "L," respectively, in the word "Volvo" (illustrative exhibit 7), while illustrative exhibits 8 and 9 merely represent the figure "544," which indicates the model of the car. Furthermore, it was stated that illustrative exhibit 9 was attached to a metal plate in the dashboard panel and is removed when a radio is installed.

In our opinion, the issue herein is clearly controlled by the principles underlying the decision of our appellate court in *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T.D. 41434.

The only question in issue there was whether certain auto lamps and horns should be classified as parts of automobiles. The court reviewed numerous authorities on the subject of "parts" and "accessories" wherein, for instance, tripods were held not to be parts of cameras; rubber recoil pads intended to take the place of the heel plates on guns, held not to be parts of guns; that a bayonet for use on a musket was not part of a musket but was an auxiliary weapon.

In holding that lamps and horns were essential and necessary parts of automobiles, the court rested that conclusion upon the principle that—

* * * automobiles can not be efficiently, safely, or properly operated without them.* * * it is a matter of common knowledge that the use of lamps and horns is not optional if the operator of the machine operates it in a safe, efficient, and proper manner.

By no stretch of the imagination can it be said that any of the merchandise represented by the illustrative exhibits herein is essential and necessary to the efficient, safe, and proper operation of an automobile. While they may contribute to the completeness of the car, they do not contribute to its operation.

In the more recent case of *United States* v. *Cody Manufacturing Co., Inc., Rohner Gehrig & Co., Inc.*, 44 CCPA 67, C.A.D. 639, our appellate court, in determining whether certain figurines were parts of music boxes, referred with apparent approval to the *Bosch* case, *supra*, and reviewed numerous other cases in which the interpretation of the word "parts" was involved.

The brief of plaintiff refers to the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 CCPA 322, T.D. 46851, wherein the court stated that:

A "part" of an article is something *necessary to the completion of that article*. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article*. * * * (Some emphasis added.) [Italics quoted.]

Counsel then seeks to distinguish the *Willoughby* case on the ground that "the tripods and the cameras were each complete in themselves, each performing their separate functions without losing any of their essential characteristics," whereas the emblems in controversy are necessary to complete the Volvo automobile and have no other use than as an attachment to said automobile.

We think that argument is succinctly and well answered in the *Cody* case, *supra*, wherein the court observed:

* * * the determining fact is not whether the alleged part can be used without the article, but whether the article can be used for its intended purpose without that part. * * *

We have examined the various authorities cited in the briefs of counsel but it would avail nothing to review them here.

Upon the record before us and for the reasons stated, the protests are overruled.

Judgment will issue accordingly.