The protest is overruled. Judgment will be entered to that effect.

(C.D. 4047)

James G. Wiley Co. } *v.* United States
Bradlow, Inc.

United States Customs Court, First Division

(Decided July 22, 1970)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Robert T. Richardson* and *Velta A. Melnbrencis*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case concerns the proper tariff classification and rate of duty for small metal plates upon which are etched or

enamelled advertising slogans, trade names, or trade symbols. The articles—which were imported from Japan—were assessed duty by the government at the rate of 55 percent ad valorem under the provisions of item 740.05 of the Tariff Schedules of the United States for parts of small articles ordinarily carried in the pocket, in the handbag, or on the person for mere personal convenience, of silver, valued not over $18 per dozen parts.

Plaintiffs have two alternative claims. The first is that the articles of which the plates in issue are "parts" are themselves not classifiable under item 740.05, and that the plates are therefore classifiable as parts under other provisions. More particularly, plaintiffs assert that nine of the metal plates are classifiable under item 710.80 of the tariff schedules as parts of rulers, dutiable at 15 percent, while an additional plate is classifiable under item 756.15 as a part of a cigarette lighter, dutiable at 50 percent.[1]

Plaintiffs' alternative claim is that none of the imports are properly classifiable as "parts" and that they are therefore classifiable according to their component material of chief value under the provisions of item 656.15 for articles of silver, dutiable at 21 percent, and of item 657.35 for articles of copper, dutiable at 1.275 cents per pound plus 15 percent ad valorem.[2]

The relevant statutory provisions are as follows:
Tariff Schedules of the United States

Classified under:

Schedule 7, Part 6, Subpart A:

Jewelry and other objects of personal adornment, and small articles ordinarily carried in the pocket, in the handbag, or on the person for mere personal convenience, all the foregoing, and parts thereof, of precious metal (including rolled precious metal) * * *:

| | | |
|---|---|---|
| 740.05 | Of silver (including rolled silver) and valued not over $18 per dozen pieces or parts _____ | 55% ad val. |

---

[1] Plaintiffs contend that an eleventh plate, having diverse uses, is not part of anything and is classifiable under item 657.35 as an article of copper.

[2] Plaintiffs have also claimed classification under item 656.30 as articles of base metal; 756.04 as other pocket lighters; 657.20 other articles of iron and steel not coated with precious metal; 657.30 articles of copper, other than alloys of copper, not coated or plated with precious metal. It is evident, however, from the briefs and through various amendments that plaintiffs are no longer relying on these claims and they are, therefore, deemed abandoned.

Claimed under:

Schedule 7, Part 2, Subpart C:

Drafting machines * * * rulers * * * and parts
of the foregoing articles:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

710.80      Other _____ 15% ad val.

Schedule 7, Part 9, Subpart B:

Cigar and cigarette lighters * * * and parts
thereof:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

756.15      Parts _____ 50% ad val.

Claimed under alternatively:

Schedule 6, Part 3, Subpart G:

Articles of precious metal, including rolled
precious metal:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

656.15      Of silver, including rolled silver_____ 21% ad val.

Articles of copper, not coated or plated with
precious metal:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

657.35      Other _____ 1.275¢ per lb.
+15% ad val.

The evidence in the case shows that the metal plates, identified by
the eight style numbers listed in the footnote below,[3] are squares
measuring 1½" x 1½" and are composed of silver-plated brass.[4] Each
such plate has etched on it a trade name or advertising slogan (such
as "Spear-Head," "Santa Fe All the Way"), and each is affixed to a
pocket tape measure for advertising purposes and serves no other
function.

An additional metal plate—SP-5154—is circular in shape and
measures about 1" in diameter. It bears the emblem "Ocoya Stone";
is composed of nickel-plated brass; is affixed to a cigarette lighter for
advertising purposes; and serves no other function.

A third type of metal plate—SP-5382—is elliptical in shape and
measures about 1" in length. It bears the emblem "Mack"; is com-
posed of nickel-plated brass; and is affixed for advertising purposes
to cuff links, tie bars, and cigar and cigarette lighters.[5]

---

[3] SP-5164, −5165, −5204, −5217, −5219, −5228, −5312 and −5334.

[4] The composition of the various imported plates is based on reports of the United States
Customs Laboratory.

[5] Plaintiffs did not present samples or evidence with regard to style numbers SP-5206
and SP-5208.

In this setting, we consider first whether the importations are "parts" of the articles to which they are affixed. On this aspect, "[i]n order to establish that an importation is a part, it must be shown that, in its imported condition, it is dedicated for use exclusively with the article of which it is claimed to be a part, and that it serves a necessary or important, or useful purpose in the functioning of that article." *J. E. Bernard & Co., Inc.* v. *United States*, 62 Cust. Ct. 615, 617, C.D. 3834, 305 F. Supp. 931, 934 (1969). See also e.g., *Mattel, Inc.* v. *United States*, 61 Cust. Ct. 75, 82–84, C.D. 3531, 287 F. Supp. 999, 1004–06 (1968) ; *Border Brokerage Company, Inc.* v. *United States*, 58 Cust. Ct. 240, 245, C.D. 2948 (1967).

Particularly relevant is *Auto Imports, Inc.* v. *United States*, 50 Cust. Ct. 67, C.D. 2390 (1963), where certain motor vehicle emblems consisting of the word "Volvo" and other similar designs were held to be articles of iron or steel under paragraph 397 of the Tariff Act of 1930—and not parts of automobiles. The claim for classification of these items as parts of automobiles was rejected by the court on the basis that while they may have contributed to the completeness of Volvo automobiles, they were not essential or necessary to the vehicle's efficient, safe and proper operation.

Here similarly, the record makes clear that the imports serve no necessary, important or useful purpose in the functioning of the tape measures, cigarette lighters and other articles to which they are ultimately affixed and with which they are used. Thus, they do not constitute parts of those articles under tariff law. See also e.g., *Herbert G. Schwarz, etc.* v. *United States*, 57 CCPA 19, C.A.D. 971 (1969). In these circumstances, the government's classification of the imports as "parts" is erroneous. And by the same token, plaintiffs' claim for classification of the articles under items 710.80 and 756.15 as parts of rulers and parts of cigarette lighters must be rejected.

This brings us to plaintiffs' alternative affirmative claims, starting with the metal plates used on tape measures—which, plaintiffs argue, are classifiable under item 656.15 as articles of silver. As previously pointed out, the government classified these metal plates under item 740.05 as parts of small articles "*of silver*." [6] While this classification is erroneous for the reason (previously indicated) that the imported articles are not "parts" for tariff purposes, this does not destroy the

---

[6] General Headnote 9(f)(1) of the General Headnotes and Rules of Interpretation to the tariff schedules provides :

    (f) the terms "of" * * * when used between the description of an article and a material * * * have the following meanings :

        (1) "of" means that the article is wholly or in chief value of the named material ;

presumption underlying the government's classification that the articles are in chief value of silver. It is true that plaintiffs presented no evidence on this aspect. Nevertheless, as the court said in *The Dow Chemical Company* v. *United States*, 64 Cust. Ct. 471, 478, C.D. 4022 (1970):

> * * * [T]he classification by the collector under * * * [item 740.05] "is tantamount to an admission on the part of defendant" that the merchandise is in chief value of * * * [silver]. Cf. *Zenith Novelty Co. et al.* v. *United States*, 49 Cust. Ct. 215, 216, Abstract 67011 (1962). Such admission was not overcome or destroyed by any proof adduced at the trial. Clearly, plaintiff was not required to offer evidence respecting a matter admitted by the Government's classification, and not shown, nor even claimed by defendant, to be erroneous. The plain fact is that the Government adhered to the correctness of its classification through the trial and in its brief.[7] Thus, we conclude that plaintiff was not required to prove affirmatively that the merchandise is in chief value of * * * [silver], and that defendant's contention to the contrary is untenable. [Footnote added.]

We therefore conclude that the imported metal plates bearing style numbers SP-5164, -5165, -5204, -5217, -5219, -5228, -5312 and -5334 are properly classifiable under item 656.15 as articles of silver, dutiable at the rate of 21 percent ad valorem.

We come now to style numbers SP-5154 and -5382 which are composed of nickel-plated brass and are claimed by plaintiffs to be properly dutiable under item 657.35 as articles of copper, not coated or plated with precious metal. Under General Headnote 9(f)(i), as we have observed, an article must be "wholly" or "in chief value of" copper to be classified as an article "of" copper. But there is no evidence whatever in the record before us that the component material of chief value for the imports bearing these style number is copper. Further, there is no presumption based on the government's classification under item 740.05 that copper is the component material of chief value. Therefore, as to the imported articles represented by style numbers SP-5154 and -5382, we overrule the protest without affirming the classification.[8]

Finally, the record is barren of any evidence regarding the imports bearing style numbers SP-5206 and -5208. Hence, the protest covering such imports is overruled.

Judgment will be entered accordingly.

---

[7] Thus, the government stated in its brief here (p. 8) that "on the basis of the classification it must be presumed that the [eight] plates [in question] are in chief value of silver."

[8] Plaintiffs interpose an additional alternative claim that these two style numbers, SP-5154 and -5382, are in any event classifiable under item 740.10 which covers, among other things, parts of small articles ordinarily carried on the person for mere personal convenience, "of precious metal * * *," other. The claim is rejected for two reasons. First, the import is not a part for reasons previously discussed. Second, it is composed of nickel-plated brass which is not a precious metal.